UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGIA P.,

          Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

---

22-CV-00781-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 13)

Plaintiff Georgia P.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") terminating her Supplemental Security Income ("SSI") benefits once she attained adulthood. Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 9) is granted, and defendant's motion (Dkt. No. 11) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Beginning September 20, 2011, Plaintiff received SSI as a child. (Administrative Transcript ["Tr."] 65, 148, 172). As required by law, Plaintiff's eligibility for SSI benefits was redetermined after she turned 18 years of age. (Tr. 65). On March 15, 2019, defendant determined that Plaintiff was no longer disabled. (Tr. 148. 159-64). Plaintiff requested reconsideration (Tr. 165-66), and on July 9, 2019, after a hearing before a State agency Disability Hearing Officer, the termination of Plaintiff's benefits was upheld. (Tr. 65, 149, 167-78). On July 15, 2019, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 179-97). On February 24, 2020, and April 1, 2021, ALJ Mary Mattimore held a telephone hearing at which Plaintiff participated, *pro se.* (Tr. 93-133). A vocational expert also testified. The ALJ issued an unfavorable decision on May 17, 2021. (Tr. 62-82). The Appeals Council ("AC") denied review. (Tr. 1-7). This case followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Id. §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." Dumas v. Schweiker, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." Id. §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." Id. §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." Id. §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits

[the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth

step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

At step one of the sequential evaluation, the ALJ acknowledged that Plaintiff received SSI as a child, turned 18 years old on November 28, 2018, and was notified that she was found to be no longer disabled as of March 15, 2019, based on a redetermination of disability under the rules for adults who file new applications. (Tr. 67). At step two, the ALJ found that Plaintiff has the following severe impairments: obesity; asthma; social anxiety disorder; panic disorder; depressive disorder; attention deficit hyperactivity (ADHD); and mood dysregulation. (tr. 67-68). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 68-70).

After step three, but prior to step four, the ALJ found that since March 15, 2019, Plaintiff has had the RFC

> to perform medium work as defined in 20 CFR 416.967(c) except can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. The individual can never climb ladders, ropes, or scaffolds. The individual can work in a moderate level noise environment as defined in Appendix D of the Selected Characteristics of Occupations. The individual can have no concentrated exposure to fumes, odors, dust, gases, or other pulmonary irritants. The individual can perform a low stress job defined as simple routine work and make simple workplace decisions not at a production rate pace (i.e. assembly line pace). The individual can tolerate minimal changes in workplace processes and settings. The individual can have occasional interaction with supervisors and coworkers, but no tandem or team work. The individual can have no interaction with the public.

(Tr. 70-74). At step four, the ALJ determined that Plaintiff has no past relevant work. (Tr. 74). At the fifth step, the ALJ determined that Plaintiff can perform other work that exists in significant numbers in the national economy and, thus, is not disabled. (Tr. 74-75).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ attempted to secure medical opinion evidence from the *pro se* Plaintiff's treating psychiatrist, Dr. Jaime Pabilonia, M.D., but sent Dr. Pabilonia the wrong form, which asked about Plaintiff's physical limitations rather than her mental limitations. The Court agrees that the case must be remanded.

The defendant does not dispute that Dr. Pabilonia was sent the wrong form, and that this was the fault of the defendant. Although the ALJ was aware of this error, as she discredited Dr. Pabilonia's medical opinion because he is a psychiatrist and does not perform physical examinations, she failed to take the next logical step, which would have been to send Dr. Pabilonia the correct opinion form. (Tr. 73). This was error and the case must be remanded. *Ryan D. v. Comm'r of Soc. Sec.*, No. 20-CV-519, 2021 U.S. Dist. LEXIS 172337, at *12 (W.D.N.Y. Sep. 10, 2021) (citing *Jones v. Berryhill*, No. 16-CV-6042 CJS, 2017 U.S. Dist. LEXIS 77467, 2017 WL 2222245, at *6 (W.D.N.Y. May 22,

2017) (where an ALJ sends a records request to the wrong place or provider the ALJ has failed to develop the record even if the ALJ was unaware of the error.)).[3]

While this error might be excused under different circumstances, for instance where a claimant is represented by counsel or is able to review and understand his or her own case file, here, the ALJ had a heightened duty to develop the record because Plaintiff has severe mental impairments and was proceeding *pro se*. As noted in *Ryan D.*, "while it is true that the ALJ does not need to develop the record further unless the record contains obvious gaps, the courts of this Circuit have repeatedly held that an ALJ has a heightened duty to develop the record when a claimant is alleging mental illness." *Ryan D.*, 2021 U.S. Dist. LEXIS 172337, at *12 (quoting *Stack v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 174422, 2020 WL 5651601 at *3 (W.D.N.Y. 2020) (citing *Freeman v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 119874, 2020 WL 381087 at *3 (W.D.N.Y. 2020))).

---

[3] Following the ALJ's decision terminating Plaintiff's SSI benefits, Plaintiff retained counsel. Counsel then submitted new evidence to the AC, including a medical opinion from Dr. Pabilonia regarding Plaintiff's mental limitations. (Tr. 9-14). The AC found however, that the new evidence did not "show a reasonable probability that it would change the outcome of the decision." (Tr. 2). The Court finds this boilerplate language by the AC to be insufficient. Dr. Pabilonia's opinion was new and material evidence that certainly could have changed the outcome of this case. Dr. Pabilonia opined that Plaintiff had two marked limitations in areas covered by paragraph B of the listing for mental impairments, which could have required a finding of disability. (Tr. 13, 69). He also opined that Plaintiff would be absent from work more than three days per month which would have made her unemployable. (Tr. 11, 121). For this Court to conduct a meaningful review, it needs a more thorough explanation of why Dr. Pabilonia's opinion should not change the result in this case.

**CONCLUSION**

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is granted and defendant's motion for judgment on the pleadings (Dkt. No.11) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   July 18, 2025
         Buffalo, New York

                                                  _____
                                                  MICHAEL J. ROEMER
                                                  United States Magistrate Judge